# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2003

## WILLIAM TERRY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26624     Bernie Weinman, Judge**

---

**No. W2003-00218-CCA-R3-PC  - Filed December 17, 2003**

---

Petitioner, William Terry, appeals the post-conviction court's denial of his petition for post-conviction relief.  Petitioner argues that the post-conviction court erred in finding that Petitioner's plea of guilty was voluntary and knowing and in finding that Petitioner's trial counsel rendered effective assistance of counsel prior to and during plea negotiations.  For the reasons discussed herein, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wilson Jones, District Public Defender; Karen Massey, Assistant Public Defender; and W. Mark Ward, Assistant Public Defender for the appellant, William Terry.

Paul G. Summers, Attorney General and Reporter, Helena Walton Yarbrough, Assistant Attorney General, William L. Gibbons, District Attorney General, and Emily Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was initially indicted for the offense of rape of a child, a Class A felony.  Pursuant to a plea agreement with the State, Petitioner agreed to plead guilty to the lesser-included offense of aggravated sexual battery, a Class B felony.  Following a plea submission hearing, the trial court accepted Petitioner's plea of guilty and sentenced him to nine years in the Tennessee Department of Correction.  Petitioner then filed a pro se post-conviction petition.  As later amended, the petition alleged that his trial counsel, William Gosnell, rendered ineffective assistance during the negotiation and entry of Petitioner's plea of guilty and that his plea was unknowing and involuntary.  Following a post-conviction hearing, the post-conviction court found that Petitioner freely and voluntarily entered a plea of guilty after being fully advised of all of his rights by both the trial court and his counsel.  Furthermore, the post-conviction court found that Petitioner's counsel rendered effective

assistance of counsel during his representation of Petitioner. The post-conviction court denied Petitioner's petition for post-conviction relief.

At the post-conviction hearing, Petitioner testified that he did not understand the proceedings surrounding his plea submission hearing. During plea negotiations, Petitioner initially agreed to plead guilty to rape. The trial court, however, rejected this plea agreement because rape was not a lesser-included offense of the offense of rape of a child. As a result of further negotiations, Petitioner believed that he entered a plea of guilty to sexual battery, not aggravated sexual battery, the offense for which he was ultimately convicted. Petitioner said that his counsel never discussed the elements of aggravated sexual battery with him, and that he never signed any "paperwork" indicating that he pleaded guilty to this offense. Petitioner explained that he was on medication at the time of the plea submission hearing which made him feel sleepy and "spaced out." Petitioner said that his counsel never asked him whether he should order a mental evaluation. Petitioner said that his counsel only visited him twice while he was in jail awaiting trial and that his counsel never responded to any of his numerous letters.

On cross-examination, Petitioner admitted that he did not tell his counsel that he was taking medication at the time of the plea submission hearing and that he never suggested that his counsel should request a mental evaluation. Petitioner also insisted that the DNA test taken as a result of the charged offense indicated that there was only a fifty percent possibility that he was the father of the twelve-year-old victim's baby.

Mr. Gosnell testified that he thoroughly explained the elements of the charged offense to Petitioner who had difficulty understanding that he could be charged with the offense of rape of a child even though his sexual relationship with the twelve-year-old victim was consensual. Mr. Gosnell also explained the elements of aggravated sexual battery which formed the basis of Petitioner's plea agreement and met with Petitioner several times during the pendency of his trial. Although Mr. Gosnell explored potential defenses with Petitioner, he did not feel any were applicable. The DNA tests reflected that there was a 99.99% possibility that Petitioner was the father of the victim's child, and Petitioner had paid child support to the victim for a year prior to his arrest for the offense of rape of a child.

After he received the DNA results, Mr. Gosnell asked the district attorney to reduce the charges against Petitioner, but this effort was initially unsuccessful. Eventually, however, the State offered a plea agreement to Petitioner whereby Petitioner would plead guilty to rape with a recommended sentence of nine years. Because Petitioner was initially facing a sentencing range of fifteen to twenty-five years for rape of a child, Mr. Gosnell advised Petitioner to accept the plea agreement. After the trial court rejected the plea agreement, Petitioner then agreed to plead guilty to aggravated sexual battery with the same recommended sentence.

Mr. Gosnell said that Petitioner had never shown any signs of mental illness or drug-related problems during the period of his representation. He said that Petitioner worked every day and lived "a normal life" prior to his incarceration. Petitioner did not tell Mr. Gosnell that he was taking Elavil at the time of the plea submission hearing, but Petitioner did not appear to be under the influence of

medication at the hearing and appeared to understand all of the proceedings. Petitioner also never raised an issue concerning any mental problems he might have.

At the plea submission hearing, the trial court questioned Petitioner as required by Rule 11 of the Tennessee Rules of Criminal Procedure. The trial court reviewed the elements of the offense of aggravated sexual battery, and Petitioner responded that he understood the nature of the charges against him. Petitioner said that he understood that by pleading guilty he was giving up his right to a trial by a jury and his right to testify. Petitioner also said that he understood he was giving up his right to appeal his conviction by entering a plea of guilty. Petitioner said that he was entering his plea of guilty freely and voluntarily without any threats or promises.

The post-conviction court found that Petitioner understood the ramifications of entering a plea of guilty and that his plea was freely and voluntarily given. In addition, the post-conviction court found that Petitioner understood the proceedings, and that his counsel thoroughly investigated and explained the charges against him. The post-conviction court found that Petitioner was competent at the time he entered his plea of guilty and found no evidence that Petitioner was mentally incompetent at the time of the offense. The post-conviction court found that Petitioner entered into the plea agreement "to avoid receiving greater punishment if found guilty at trial."

A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The trial court's findings of fact in a post-conviction hearing are afforded the weight of a jury verdict. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990), *perm. to appeal denied* (Tenn. 1990). Therefore, this Court may not re-weigh or re-evaluate these findings nor substitute its inferences for that of the trial judge unless the evidence in the record preponderates against those findings. *State v. Honeycutt*, 54 S.W.3d 762, 763 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In addition, questions concerning the credibility of witnesses and the weight and value given their testimony is resolved by the post-conviction court, and not this Court. *Id*. However, the trial court's application of the law to the facts is reviewed de novo, without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. *Id.*; *Burns*, 6 S.W.3d at 461.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). In other words, a petitioner must show that he or she would not have pleaded guilty and would have insisted on going to trial had it not been for the deficiencies in counsel's performance. *Hill v. Lockhart,* 474 U.S. 52, 56-57, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985).

When an accused enters a plea of guilty or a plea of nolo contendere, constitutional considerations mandate that the plea be voluntarily, understandingly and knowingly entered. *See Boykin v. Alabama,*395 U.S. 238, 243, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274, 279 (1969); *State v. Neal*, 810 S.W.2d 131, 134-35 (Tenn. 1991) *overruled on other grounds by Blankenship v. State,*

858 S.W.2d 897, 902 (Tenn. 1993). A plea cannot be voluntary if the accused is "incompetent or otherwise not in control of his mental facilities" at the time the plea is entered. *Blankenship v. State*, 858 S.W.2d 897, 904-05 (Tenn. 1993)(quoting *Brown v. Perini,* 718 F. 2d 784, 788 (6th Cir. 1983)). The trial court must ascertain if the defendant fully understands the significant consequences of his or her plea. *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1977).

In his appeal, Petitioner points out that he and his counsel presented conflicting testimony concerning the effectiveness of counsel's assistance prior to and during the plea submission hearing as well as the voluntary nature of his plea of guilty. In essence, Petitioner disagrees with the trial court's assessment of the weight and credibility of the evidence. Petitioner argues that only he could know what was going on in his mind during the plea submission hearing. As a result, he asserts that any conflicts in the testimony should be resolved in his favor. We cannot agree with this argument because it is contrary to well-settled case law that the weight and credibility of the witnesses' testimony are entrusted to the post-conviction court as the trier of fact. *See State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Based on a careful review of the record, we do not find that the evidence preponderates against the post-conviction court's finding that Petitioner's plea was voluntarily and knowingly entered and that his counsel rendered effective assistance of counsel.

## CONCLUSION

After a review of the record, we affirm the trial court's denial of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL